06-1680-ag
Miller v. Mukasey

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: April 8, 2008)                                    Decided: August 21, 2008)

Docket No. 06-1680-ag

ANTHONY ALEXANDER MILLER,

*Petitioner,*

v.

MICHAEL MUKASEY, Attorney General,

*Respondent.*

Before: WALKER, CABRANES, and RAGGI, *Circuit Judges.*

Petition for review of an order, issued by an immigration officer, reinstating a prior order of

removal. Petitioner contends that this procedure is not authorized by statute and, as applied to him,

violated his right to the due process of law. We hold that where, as here, an alien chooses not to avail

himself of available administrative procedures to challenge the reinstatement of a prior order of

removal, he cannot claim that those procedures failed to provide him adequate process.

Petition denied.

ANNE E. DOEBLER, Buffalo, NY, *for Petitioner.*

SHANE CARGO, Assistant U.S. Attorney (Michael J. Garcia, U.S.
Attorney, *on the brief,* Elizabeth Wolstein, Assistant U.S.
Attorney, *of counsel*), United States Attorney's Office for
the Southern District of New York, New York, NY, *for
Respondent.*

1

PER CURIAM:

Anthony Alexander Miller petitions for review of an order of the Bureau of Immigration and Customs Enforcement ("ICE") that reinstated a 1989 order of removal entered against Miller for illegal entry into the United States. He argues that the administrative reinstatement procedure (1) is not authorized by statute and (2) deprived him of due process of law. Miller's first contention is foreclosed by our recent holding in *Garcia-Villeda v. Mukasey*, 531 F.3d 141 (2d Cir. 2008) (Feinberg, *J.*). His constitutional challenge to the reinstatement procedure is also without merit because (a) he refused to avail himself of the administrative procedures that provided an opportunity to challenge the findings that led to the reinstatement of his prior order of removal, and (b) he is statutorily barred from collaterally attacking a prior order of removal in reinstatement proceedings.

**BACKGROUND**

Miller, a citizen of Jamaica, entered the United States in 1985 through Miami, Florida. By Order to Show Cause dated November 10, 1989, the government—through the Immigration and Naturalization Service ("INS")[1]—charged Miller with entering the country without proper documentation and commenced removal proceedings against him. Miller requested voluntary departure, and, following a hearing before an Immigration Judge ("IJ") in which Miller was found deportable, Miller's request was granted in an order dated November 22, 1989 ("Order" or "removal order" or "deportation order"). The IJ's Order further provided that Miller would be deported to Jamaica if he failed to voluntarily depart by January 22, 1990 and noted that both the government and Miller waived appeal. Miller did not, however, voluntarily depart the United States, and, on June 15,

---

[1] "Pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, the INS was abolished and its functions reassigned to subdivisions of the Department of Homeland Security—the Bureau of Immigration and Customs Enforcement ('ICE') and the Bureau of United States Citizenship and Immigration Services ('USCIS')." *Brito v. Mukasey*, 521 F.3d 160, 162 n.2 (2d Cir. 2008).

1990, he was deported. Ten years later, Miller allegedly reentered the United States illegally, again through Miami, Florida.

Pursuant to a Form I-871 Notice of Intent/Decision to Reinstate Prior Order dated February 28, 2006 (the "Decision") prepared by an immigration officer, the INS notified Miller that "the Attorney General intends to reinstate the order of [d]eportation entered against you." The Decision made the following factual findings: (1) Miller was "subject to a prior order of deportation" entered on November 22, 1989; (2) Miller had been deported pursuant to that Order; and (3) Miller had illegally reentered the United States in 2000. It then informed Miller:

> In accordance with Section 241(a)(5) of the [Immigration and Nationality] Act [8 U.S.C. §1231(a)(5)], you are removable as an alien who has illegally reentered the United States after having been previously removed . . . and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a writ[t]en or oral statement to an immigration officer. You do not have a right to a hearing before an immigration judge.

Miller did not contest the agency's determination by making any statement to the immigration officer, and a note on the "Acknowledgment and Response" section of the Decision indicated that "subject [Miller] refuses to sign." On March 10, 2006, a second immigration officer approved the Decision and reinstated the prior deportation order.

Miller subsequently filed this petition for review of the agency's Decision. His petition does not challenge the factual findings made in the Decision—namely that he is an alien who has reentered the United States illegally after having been removed.

## DISCUSSION

Miller challenges the procedures by which his prior order of removal was reinstated. He contends that (1) the Attorney General exceeded his authority under 8 U.S.C. § 1231(a)(5) (the

3

"reinstatement of removal statute")[2] by promulgating 8 C.F.R. § 241.8 (the "reinstatement regulations"), which permit immigration officers to reinstate prior removal orders without a hearing before an IJ;[3] and (2) the reinstatement regulations violate his due process rights because they (a) fail to provide for an adequate appellate record and (b) do not permit a collateral attack on the underlying order of removal.

A. **Miller's Challenge to the Validity of the Reinstatement Regulations Is Foreclosed by This Court's Holding in** *Garcia-Villeda v. Mukasey*.

Miller argues that the regulations permitting an immigration officer to reinstate a prior order of removal without any involvement of an IJ constitute an impermissible construction of the requirement set forth in the Immigration and Nationality Act ("INA") that "[a]n immigration judge shall conduct

---

[2] Pursuant to 8 U.S.C. § 1231(a)(5):

If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

[3] The reinstatement regulations, in relevant part, provide:

An alien who illegally reenters the United States after having been removed, or having departed voluntarily, while under an order of exclusion, deportation, or removal shall be removed from the United States by reinstating the prior order. *The alien has no right to a hearing before an immigration judge in such circumstances.* In establishing whether an alien is subject to this section, *the immigration officer shall determine the following*:

(1) *Whether the alien has been subject to a prior order of removal.* The immigration officer must obtain the prior order of exclusion, deportation, or removal relating to the alien.

(2) *The identity of the alien*, i.e., whether the alien is in fact an alien who was previously removed, or who departed voluntarily while under an order of exclusion, deportation, or removal. In disputed cases, verification of identity shall be accomplished by a comparison of fingerprints between those of the previously excluded, deported, or removed alien contained in Service records and those of the subject alien. In the absence of fingerprints in a disputed case the alien shall not be removed pursuant to this paragraph.

(3) *Whether the alien unlawfully reentered the United States.* In making this determination, the officer shall consider all relevant evidence, including statements made by the alien and any evidence in the alien's possession. The immigration officer shall attempt to verify an alien's claim, if any, that he or she was lawfully admitted, which shall include a check of Service data systems available to the officer.

8 C.F.R. § 241.8(a) (emphases added).

proceedings for deciding the inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1).

Addressing an identical challenge to these regulations, we recently upheld the reinstatement regulations

pursuant to the standard of review established by *Chevron U.S.A. Inc. v. Natural Resources Defense Council,*

*Inc.*, 467 U.S. 837, 842-43 (1984). *See Garcia-Villeda*, 531 F.3d at 146-49. We determined that "the

reinstatement of removal statute [8 U.S.C. § 1231(a)(5)] was introduced as an alternative to the

otherwise applicable procedure mandated by INA § 240 [8 U.S.C. § 1229a(a)(1)] for first instance

determinations of removability," and therefore "INA § 240's requirement of a comprehensive hearing

before an immigration judge does not apply to illegal reentrants." *Id.* at 147. Turning to the question

of whether the reinstatement regulations, which were promulgated by the Attorney General of the

United States, were a reasonable construction of the reinstatement of removal statute, we held that they

were:

> The summary procedure set forth in 8 C.F.R. § 241.8 is, therefore, quite appropriate when the only issues to be determined are those establishing the agency's right to proceed under INA § 241(a)(5)—the alien's identity, the existence of a prior removal order, and whether the alien has unlawfully reentered. This bare investigation can be performed like any other ministerial enforcement action by an immigration officer, in lieu of an immigration judge.

*Garcia-Villeda*, 531 F.3d at 148 (alteration, internal quotation marks, and citations). Accordingly, we

reject Miller's challenge to the reinstatement regulations as foreclosed by our recent precedent

upholding those regulations.

### B.    Miller's Due Process Challenge to the Reinstatement Regulations Lacks Merit.

Miller also contends that the reinstatement of his order of removal violated his right to due

process because:

> 8 C.F.R. § 241.8 creates a procedure that is not conducted before an impartial adjudicator, fails to provide a real opportunity to present evidence, cross examine witnesses, or challenge evidence presented by the [g]overnment[,] . . . lacks an adequate means of developing an administrative record for appellate review[,] . . . lacks a meaningful opportunity to obtain counsel[,] and [fails to provide adequate] notice of appeal rights.

5

Pet'r's Br. at 18.  Because of this purported due process violation, Miller claims that he suffered prejudice by virtue of being deprived of (1) "a meaningful opportunity for judicial review" of the reinstatement decision and (2) judicial "review of a prior deportation order."  *Id.* at 19.

With respect to judicial review of the reinstatement decision, Miller contends that the reinstatement procedure results in an "administrative record devoid of evidence necessary for a meaningful opportunity for judicial review" because it does not provide a reviewing court with "enough information to determine whether [p]etitioner is inadmissible or deportable."  *Id.* at 19.  Miller does not claim, however, that he is not subject to a prior order of removal.  Indeed, he does not challenge any of the predicate facts underlying the reinstatement order—namely, that he is (1) an alien who has (2) reentered the United States illegally after (3) having been removed or having departed voluntarily under an order of removal.  *See* 8 U.S.C. § 1231(a)(5).  Because "all of the facts necessary to warrant reinstatement" remain uncontested, Miller has "fail[ed] to demonstrate how the alleged shortcomings [of the reinstatement procedure] have prejudiced the outcome of his case."  *Garcia-Villeda,* 531 F.3d at 149 (internal quotations marks and citation omitted).

We recognize that the petitioner in *Garcia-Villeda* conceded the applicability of the predicate facts underlying his reinstatement order, while Miller has elected not to contest them before the agency or in his petition to this Court.  For the purposes of determining whether a due process violation has occurred, however, we see no meaningful difference between conceding the predicate facts, on the one hand, and choosing not to contest them, on the other.  In both cases, the petitioner cannot show that the reinstatement procedure has caused him any prejudice, and, in the absence of prejudice, "[w]e . . . need not determine the constitutional adequacy of the existing procedures."  *Id.*; *see also Zerrei v. Gonzales*, 471 F.3d 342, 347 (2d Cir. 2006) (per curiam) (denying an equal protection claim where the claimant, who was challenging removal, "failed to demonstrate any prejudice").  Confronted with a

similar due process claim in *Ali v. Reno*, we held that "[n]o due process violation is inherent in the administrative procedures for automatic rescission [of status as a permanent resident of the United States] when the alien fails to respond in a proper and timely manner." 22 F.3d 442, 449 (2d Cir. 1994); *cf. Bedoya v. Coughlin*, 91 F.3d 349, 352 (2d Cir. 1996) (finding no due process violation where "the plaintiff waived his right to call [a] witness by failing either to reiterate his request for [the witness's] testimony when given the opportunity or to object to the close of the hearing"). Accordingly, we now hold that when an alien declines to challenge at the agency level the findings that support reinstatement of a prior order of removal, he has no grounds to complain in court that the reinstatement procedures deprived him of the due process of law.

Miller also faults the reinstatement procedure for not providing him a forum to collaterally attack the 1989 order of removal. Miller's challenge to his prior order of removal appears to be premised on a claim that he "was married to a United States [c]itizen at the time that he was placed in the deportation proceedings." Pet'r's Br. at 20. Such a challenge cannot be raised in reinstatement proceedings because "the reinstatement of removal statute expressly prohibits us from giving petitioner a second bite at the apple." *Garcia-Villeda*, 531 F.3d at 150. Pursuant to 8 U.S.C. § 1231(a)(5), a "prior order of removal . . . is not subject to being reopened or reviewed" in reinstatement proceedings. As Judge Feinberg observed, this provision "does not offend due process because, regardless of the process afforded in the underlying order, reinstatement of the prior deportation order does not alter petitioner's legal condition." *Id.* (internal quotation marks and citation omitted). The Ninth Circuit recently explained, in *Morales-Izquierdo v. Gonzales*, that

> [w]hile aliens have a right to fair procedures, they have no constitutional right to force the government to re-adjudicate a final removal order by unlawfully reentering the country. Nor is the government required to expend vast resources on extraneous procedures before reinstating a removal order that has already been finalized and executed.

7

486 F.3d 484, 498 (9th Cir. 2007) (en banc). Accordingly, Miller's inability to collaterally attack his 1989 removal order in reinstatement proceedings does not constitute a violation of his right to due process.

## CONCLUSION

For the reasons set forth above, we conclude that Miller's challenge to the regulations establishing the reinstatement procedure is foreclosed by a precedent of this Court. We further hold that Miller's due process claims are without merit because (1) he refused to avail himself of the administrative procedures that would have enabled him to challenge the reinstatement of a prior order of removal, and (2) he is statutorily barred from collaterally attacking a prior order of removal in reinstatement proceedings. The petition for review is **DENIED**.