**SONG QING GAO, Petitioner,**

**v.**

**Eric H. HOLDER Jr., U.S. Attorney**

**General,**[1] **Respondent.**

**No. 08–4505–ag.**

United States Court of Appeals,
Second Circuit.

June 4, 2009.

Douglas B. Payne, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Song Qing Gao, a native and citizen of the People's Republic of China, seeks review of an August 19, 2008 order of the BIA affirming the December 4, 2006 decision of Immigration Judge ("IJ") Sarah Burr, denying his application for asy-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

lum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Qing Gao*, No. A098 714 661 (B.I.A. Aug. 19, 2008), *aff'g* No. A098 714 661 (Immig. Ct. N.Y. City, Dec. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Gao failed to challenge the agency's denial of his CAT claim before the BIA, and fails to raise that claim before this Court, we deem any such argument abandoned. *See Gui Yin Liu v. I.N.S.*, 508 F.3d 716, 723 n. 6 (2d Cir.2007) (per curiam).

When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

 The agency's adverse credibility determination is supported by substantial evidence. The agency properly relied on the testimony of the Government's witness who indicated that the birth certificate that Gao submitted was not authentic. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007). Gao asserts that the agency denied him due process by relying on that testimony when the witness refused to

provide the exemplars that were used to determine the authenticity of the birth certificate. As the BIA found, however, Gao had over a year to rebut the Government's forensic report or otherwise demonstrate the authenticity of the document. Moreover, Gao fails to demonstrate that he suffered prejudice as a result of any alleged error. *See Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir.2008).[2]

The fraudulent birth certificate alone would have been sufficient basis upon which to uphold the agency's adverse credibility determination. *See Siewe*, 480 F.3d at 170. Nonetheless, the agency's adverse credibility determination was supported also by the IJ's finding that it was implausible that Gao and his girlfriend returned home and shopped on a public street at a time when authorities were allegedly searching for them. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 16 (2d Cir.2006) (upholding an implausibility finding as to a petitioner's claim that she went into hiding to avoid officials and yet continued working in a location where the officials were likely to find her).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** We note that even if Gao was found credible, his asylum claim ultimately fails as an applicant is not *per se* eligible for asylum relief based on the forced sterilization of a spouse or partner, and Gao does not assert that he suffered "other resistance" on account of his opposition to the government's family planning policy. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–10 (2d Cir.2007)(en banc).