08-1859-ag
Amos v. Holder

BIA
Rast, IJ
A41-653-019

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

DONOVAN AMOS,
> > *Petitioner*,

> v.                                            No. 08-1859-ag

ERIC H. HOLDER, JR.,* United States Attorney General, U.S. Department of Justice

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Holder is automatically substituted for former Attorney General Michael Mukasey.

_____

FOR PETITIONER:      MELISSA M. DESVARIEUX, Law Offices of Spar and Bernstein, P.C., New York, N.Y.

FOR RESPONDENT:      MATT A. CRAPO, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. (Tony West, Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, on the brief).

Appeal from a Department of Homeland Security reinstatement order.

UPON DUE CONSIDERATION of the March 25, 2008 order by the Department of Homeland Security reinstating a July 21, 2000 order of removal entered against Petitioner, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **DISMISSED** and **DENIED** in part.

Petitioner Donovan Amos ("Mr. Amos"), a native and citizen of Jamaica, seeks review of a March 25, 2008 order by the Department of Homeland Security ("DHS") reinstating a July 21, 2000 order of removal entered against Petitioner by an Immigration Judge. We assume the parties' familiarity with the facts, procedural context, and specification of appellate issues.

8 C.F.R. § 241.8(a) provides, in relevant part, that before reinstating a prior order of removal, an immigration officer must determine: (1) whether the alien has been subject to a prior order of removal; (2) the identity of the alien and whether, in fact, the alien is the same person who was previously removed; and (3) whether the alien unlawfully reentered the United States. The regulation also provides that in determining whether the alien unlawfully reentered, the officer shall consider "all relevant evidence," and if an alien claims that he was lawfully admitted, the immigration officer shall attempt to verify that claim. 8 C.F.R. § 241.8(a)(3). Once an immigration officer has established that an alien is indeed an illegal reentrant subject to

2

the reinstatement of removal statute, 8 U.S.C. § 1231(a)(5), the officer must order the alien "removed under the previous order of exclusion, deportation, or removal in accordance with section 241(a)(5) of the [Immigration and Nationality] Act." 8 C.F.R. § 241.8(c).

Mr. Amos argues that the deportation officer erred in reinstating the prior removal order because he did not properly assess whether Mr. Amos's entry was unlawful. However, the record is clear that the deportation officer abided by section 241.8(a)(3). First, Mr. Amos never asserted that he had been lawfully admitted. Indeed, on the Notice of Intent/Decision to Reinstate Prior Order, Mr. Amos checked a box claiming that he did "not wish to make a statement contesting the determination" that he was removable as an alien who had illegally reentered. Thus, there was no lawful admittance claim for the officer to "verify." Second, in considering "all relevant evidence," the officer was entitled to take note of the fact that Mr. Amos was required to get permission from the Attorney General before reentering the United States because he had been convicted of an aggravated felony and that Mr. Amos himself admitted that he did not get such permission. Therefore, taking into account all relevant evidence, the immigration officer was entitled to conclude that Mr. Amos had entered the country unlawfully.

Mr. Amos also argues that his due process rights were violated by the 2000 removal order because he was unable to assert a request for section 212(c) relief. Section 212(c) of the INA, since repealed, provided a discretionary waiver of deportation for aliens with at least seven years of unrelinquished domicile. At the time of Mr. Amos's removal, section 212(c) was not effective due to repeal. This Court subsequently ruled that section 212(c) relief was available to aliens

facing removal after its repeal in certain narrow circumstances. *See, e.g.*, *Walcott v. Chertoff*, 517 F.3d 149, 151-53 (2d Cir. 2008).

This Court has foreclosed any collateral attack on prior orders of removal during reinstatement proceedings. In *Garcia-Villeda v. Mukasey*, 531 F.3d 141 (2d Cir. 2008), we ruled that the "reinstatement of removal statute expressly prohibits us from giving petitioner a second bite at the apple" to challenge an underlying deportation proceeding. *Id.* at 150; *see also* 8 U.S.C. § 1231(a)(5) ( "[T] he prior order of removal . . . is not subject to being reopened or reviewed . . . ."); *Miller v. Mukasey*, 539 F.3d 159, 163-65 (2d Cir. 2008) (per curiam) (affirming *Garcia-Villeda*'s holding). This is so even in the face of due process challenges. *See Garcia-Villeda*, 531 F.3d at 150 (Section 1231(a)(5) "does not offend due process because, regardless of the process afforded in the underlying order, reinstatement of the prior deportation order does not alter petitioner's legal condition." (internal quotation marks omitted)). Accordingly, we do not rule on the lawfulness of the order of removal.

For the foregoing reasons, the petition for review is **DISMISSED** in part and **DENIED** in part.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

</div>