08-3714-ag
Lema v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, wo thousand and ten.

Present:     JOHN M. WALKER, JR.,
             CHESTER J. STRAUB
             ROSEMARY S. POOLER,
                      Circuit Judges.

_____

JOSE MANUEL LEMA,

                                    Petitioner,

          -v-                                    (08-3714-ag)

ERIC H. HOLDER, JR., ATTORNEY GENERAL,*

                                    Respondent.

_____

Appearing for Petitioner:     Manuel Gomez, New York, New York

Appearing for Respondent:     Zoe J. Heller, Office of Immigration Litigation, Civil Division, Washington, D.C.

                              Tony West, Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C.

_____

     * The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Mark C. Walters, Senior Litigation Counsel, Office of Immigration Litigation, Department of Justice, Washington, D.C.

Petition for review of an order of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** in part and **DENIED** in part.

Petitioner Jose Manuel Lema ("petitioner") seeks review of the July 18, 2008 decision of ICE reinstating petitioner's prior order of deportation pursuant to 8 U.S.C. § 1231(a)(5). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review. Petitioner challenges the order of reinstatement on the grounds that the underlying deportation proceedings denied him due process. He does not dispute that if the underlying deportation order is valid, it meets the statutory requirements for reinstatement.

The reinstatement statute, 8 U.S.C. § 1231(a)(5), explicitly states that "the prior order of removal . . . is not subject to being reopened or reviewed." We interpreted this provision in Garcia-Villeda v. Mukasey to mean that the statute "expressly prohibits us from giving petitioner a second bite at the apple," even when petitioner raises constitutional challenges to the underlying order. 531 F.3d 141, 150 (2d Cir. 2008); see also Miller v. Mukasey, 539 F.3d 159, 164-65 (2d Cir. 2008). We held that the provision "does not offend due process because, regardless of the process afforded in the underlying order, reinstatement of the prior deportation order does not alter petitioner's legal condition." Id. (internal quotation marks and citation omitted). "[W]hile aliens have a right to fair procedures," we reasoned, "they have no constitutional right to force the government to re-adjudicate a final removal order by unlawfully reentering the country." Id. (quoting Morales-Izquierdo v. Gonzales, 486 F.3d 484, 498 (9th Cir. 2007)).

We note that our decision in Garcia-Villeda and Miller did not explicitly address the effect that 8 U.S.C. § 1252(a)(2)(D) might have on our ability to conduct collateral review of an underlying deportation order. See 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with the appropriate court of appeals in accordance with this section."). We further note that other "circuit courts that have considered the interplay between § 1252(a)(2)(D) and § 1231(a)(5) have held that § 1252(a)(2)(D) re-vests the circuit courts with jurisdiction over constitutional claims or questions of law raised in the context of reinstatement proceedings." Garcia de Rincon v. Dep't of Homeland Sec., 539 F.3d 1133, 1137 (9th Cir. 2008) (citing Lorenzo v. Mukasey, 508 F.3d 1278, 1282 (10th Cir. 2007); Debeato v. Atty. Gen. of U.S., 505 F.3d 231, 235 (3d Cir. 2007); Ramirez-Molina v. Ziglar, 436 F.3d 508, 513-14 (5th Cir. 2006)). In addition, we note that several of these other circuit courts have held "that § 1252(a)(2)(D) permits some collateral attack on an underlying removal order during review of a reinstatement order if the petitioner can show that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding." Garcia de Rincon, 539 F.3d at 1138 (citing Debeato, 505 F.3d at 235 and Ramirez-Molina, 436 F.3d at 514).

Nevertheless, even if we were to assume that Section 1252(a)(2)(D) does revest us with jurisdiction to review underlying deportation orders in certain circumstances, we would still lack jurisdiction to review the underlying deportation order in this particular case. Section 1252(a)(2)(D) applies to "any other provision of this chapter (other than this section) which limits or eliminates judicial review." 8 U.S.C. § 1252(a)(2)(D). However, with the exception of subsections (a)(2)(B) and (C), Section 1252(a)(2)(D) does not foreclose the jurisdictional hurdles codified elsewhere in Section 1252, such as the requirement that administrative remedies be exhausted before an alien seeks judicial review of a removal order. See Ramirez-Molina, 436 F.3d at 513-14. Here, petitioner never appealed his initial deportation order to the BIA. Accordingly, we lack jurisdiction to review petitioner's challenge to his underlying deportation order.

Finally, even if we were to assume jurisdiction to review petitioner's underlying deportation order, petitioner's due process challenge would fail on the merits because petitioner has failed to establish prejudice. "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." Garcia-Villeda, 531 F.3d at 149 (internal quotation marks omitted). In the present case, petitioner attempts to show prejudice by arguing that, if not for the alleged defects in his underlying deportation proceeding, he would have applied for the relief of "voluntary departure" and would now be able to apply for adjustment of status. Petitioner fails to acknowledge, however, that he would have been subject to reinstatement of the 1988 order even if he had been granted the relief of voluntary departure. The reinstatement statute pursuant to which petitioner's prior order was reinstated applies to aliens who "reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal . . . ." 8 U.S.C. § 1231(a)(5) (emphasis added). Furthermore, regardless of whether he departed voluntarily or was involuntarily deported in 1988, petitioner is ineligible to apply for adjustment of status at this time. See Garcia-Villeda, 531 F.3d at 151, 151 n.8 (noting that "[a]n illegal reentrant is not eligible and may not apply or any relief under the INA" except as outlined in 8 C.F.R. § 241.8).

We therefore DISMISS the petition for review insofar as it seeks review of the underlying deportation order because we lack jurisdiction. We DENY the petition for review insofar as he seeks review of the order of reinstatement, as Petitioner concedes that if his underlying deportation order is valid, the statutory requirements for reinstatement have been met. The pending motion for a stay of deportation is DISMISSED as moot. The temporary stay of deportation is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3