14-1109-ag
*Chuan Quan Zheng v. Eric H. Holder*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
                CHESTER J. STRAUB,
                DEBRA ANN LIVINGSTON,
                      *Circuit Judges.*

---

CHUAN QUAN ZHENG,

    *Petitioner*,

        v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

    *Respondent*.

No. 14-1109-ag

---

| | |
|---|---|
| **FOR PETITIONER:** | Chunyu Jean Wang, Wang Law Office, PLLC, Flushing, NY. |
| **FOR APPELLEE:** | Joyce R. Branda, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals decision is **DENIED**.

Petitioner Chuan Quan Zheng, a native and citizen of China, seeks review of an April 8, 2014 decision of the Board of Immigration Appeals ("BIA") affirming a December 9, 2013, decision of an Immigration Judge ("IJ") denying Zheng's motion to reopen. *In re Chuan Quan Zheng*, No. A072 780 740 (B.I.A. Apr. 8, 2014), *aff'g* No. A072 780 740 (Immig. Ct. N.Y. City Dec. 9, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA has applied the correct law, we review the BIA's decision affirming an IJ's denial of a motion to reopen for abuse of discretion, *Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir. 2006), remaining mindful of the Supreme Court's admonition that such motions are "disfavored," *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and may file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2).

The BIA did not abuse its discretion in affirming the IJ's denial of Zheng's motion to reopen. The Immigration and Nationality Act ("INA") provides: "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). We defer to the agency's regulatory interpretation of § 1231(a)(5), under which reinstatement is automatic upon a determination that: (1) the alien is the same person against whom the prior removal order had been entered, and (2) the alien had unlawfully reentered the country. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 148-49 (2d Cir. 2008); *see also* 8 C.F.R. § 241.8. The Department of Homeland Security ("DHS") must give the alien the opportunity to issue a formal oral or written statement contesting the immigration officer's findings before reinstating the prior order of removal. 8 C.F.R. § 241.8(b). The alien has no right to a hearing before an IJ. 8 C.F.R. § 241.8(a).

Here, the IJ's original order of deportation was reinstated in September 2013, preventing the IJ from granting Zheng's November 2013 motion to reopen. Although Zheng argues that he did not receive proper notice of the reinstatement order in accordance with due process, there is nothing to suggest that DHS did not follow the procedures outlined in 8 C.F.R. § 241.8, the constitutionality of which we have previously upheld. *See Garcia-Villeda*, 531 F.3d at 149-50.

Moreover, Zheng has never contested the determinations underlying the reinstatement order. "[W]hen an alien declines to challenge at the agency level the findings that support reinstatement of a prior order of removal, he has no grounds to complain in court that the

reinstatement procedures deprived him of due process of law." *Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008). Although he argued that he did not have proper notice of the reinstatement order before the IJ, Zheng has never contested that he (1) is the same person against whom the prior removal order had been entered; and (2) had unlawfully reentered the country.

Accordingly, because Zheng's prior removal order was properly reinstated, the IJ and BIA lacked jurisdiction to review that order or reopen proceedings. 8 U.S.C. § 1231(a)(5).

Indeed, the only relief available to Zheng after the reinstatement order was issued was withholding of removal and relief under the Convention Against Torture. *See* 8 C.F.R. §§ 208.31, 241.8(e). Zheng, however, withdrew his request for a reasonable fear interview to determine his eligibility for those forms of relief.

We decline to review Zheng's argument that he was deprived of due process during the proceedings underlying his original order of deportation. An alien may not collaterally attack an underlying deportation order during reinstatement proceedings. *Miller*, 539 F.3d at 164-65; *Garcia-Villeda*, 531 F.3d at 150. Moreover, we must treat each petition for review as challenging only the BIA decision from which it was timely filed. *See Stone v. INS*, 514 U.S. 386, 405 (1995); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-91 (2d Cir. 2001). The BIA's decision did not review a challenge to Zheng's underlying deportation proceedings; instead, it determined that the IJ correctly found that the agency lacked jurisdiction to review Zheng's motion to reopen pursuant to 8 U.S.C. § 1231(a)(5).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3