14-1181-ag
Familia v. Holder

A072 364 942

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fifteen.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

REYES FAMILIA, AKA JHONNY ALGARIN, AKA FELIX BUENO, AKA FELIX A. PEREZ, AKA FELIX A. PEREZBUENO, AKA RAFAEL ROMERO, AKA JHONNY SAEZ, AKA RAFAEL REYES FAMILIA,

> *Petitioner,*

> v.                                              14-1181-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          Michael J. Campise, Ferro & Cuccia, New York, N.Y.

**FOR RESPONDENT:**   Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, (Joyce R. Branda, Acting Assistant Attorney General, Civil Division, Mary J. Candaux, Assistant Director, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of the U.S. Department of Homeland Security's ("DHS") reinstatement of a prior deportation order, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Reyes Familia, a native and citizen of the Dominican Republic, seeks review of DHS's February 26, 2014 decision to reinstate his prior order of deportation. We assume the parties' familiarity with the underlying facts and procedural history in this case.

"If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed . . . ." 8 U.S.C. § 1231(a)(5). After determining

2

that an alien is subject to reinstatement, but before reinstating the prior order of removal, DHS is required to afford the alien an opportunity to contest the immigration officer's findings through a formal oral or written statement, "which the officer must then take into account." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149-50 (2d Cir. 2008); *See* 8 C.F.R. § 241.8(b).[1]  Familia contends that DHS denied him due process in reinstating his deportation order.

Here, a DHS immigration officer determined that Familia was an alien previously removed under a 1994 deportation order and that he reentered the United States without authorization.  The record reveals, and the government concedes, that a DHS supervisory deportation officer prematurely completed, signed, and dated the reinstatement form before Familia was in DHS custody and before he was permitted a chance to contest the officer's findings.  Although Familia did not acknowledge

---

[1] "If an officer determines that an alien is subject to removal under this section, he or she shall provide the alien with written notice of his or her determination.  The officer shall advise the alien that he or she may make a written or oral statement contesting the determination.  If the alien wishes to make such a statement, the officer shall allow the alien to do so and shall consider whether the alien's statement warrants reconsideration of the determination." 8 C.F.R. § 241.8(b).

receipt of notice of the officer's determination until April 11, 2014, the officer apparently certified on February 26, 2014, to "[h]aving reviewed . . . any statements made or submitted in rebuttal" to the reinstatement determination.

The government notes that it "afford[ed] Familia the opportunity to make a statement prior to *attempting to enforce the order*" (emphasis added). That is not the process the regulations provide for aliens subject to reinstatement orders. Indeed, in upholding the constitutionality of the expedited reinstatement process under 8 C.F.R. § 241.8, we considered the requirement of notice and an opportunity to respond among the "procedural safeguards" ensuring an alien is afforded due process. *See Garcia-Villeda*, 531 F.3d at 149-50.

However, "[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Id.* at 149 (internal quotation marks and citations omitted). "[W]hen an alien declines to challenge at the agency level the findings that support reinstatement of a prior order of removal, he has no grounds to complain in court that the reinstatement procedures deprived him of the due process of

4

law." *Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008).

When provided an opportunity to contest the officer's reinstatement determination, Familia signed a form indicating that he did not wish to do so. His failure to contest DHS's factual findings at the agency level was equivalent to a concession of their accuracy. *See Miller*, 539 F.3d at 164 (finding "no meaningful difference between conceding the predicate facts, on the one hand, and choosing not to contest them, on the other"). Accordingly, Familia cannot establish that he was prejudiced by any procedural deficiencies, and his due process claim fails as a result. *See id*.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5