Singh v. Barr

BIA
Loprest, IJ
A206 088 347

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JATINDER SINGH,
> *Petitioner,*
>
> v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

17-2977
NAC

| | |
|---|---|
| **FOR PETITIONER:** | Anas J. Ahmed, Pannun The Firm, P.C., Jackson Heights, NY. |
| **FOR RESPONDENT:** | Joseph H. Hunt, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Christina P. Greer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jatinder Singh, a native and citizen of India, seeks review of an August 24, 2017, decision of the BIA affirming a December 1, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jatinder Singh,* No. A 206 088 347 (B.I.A. Aug. 24, 2017), *aff'g* No. A 206 088 347 (Immig. Ct. N.Y. City Dec. 1, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision minus the findings the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard); *Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d

2

Cir. 2012) (reviewing constitutional claims de novo).

Adverse Credibility Determination

The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh's claim of persecution by the Congress Party on account of his membership in the Akali Dal Mann political party was not credible.

First, Singh has waived any challenge to the IJ's findings that his testimony was internally inconsistent and

3

inconsistent with his medical report regarding his injuries, that there were discrepancies between his testimony and application regarding who accompanied him to the police station, and that his demeanor undermined his credibility. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

However, even if not waived, these findings provide substantial support for the adverse credibility determination. First, Singh's testimony was internally inconsistent and inconsistent with the medical certificate regarding whether he sustained visible injuries. Second, Singh's application omits that a village council member and his neighbor accompanied him to the police station. Third, we defer to the IJ's demeanor finding, which is supported by Singh's non-responsive answers on direct examination. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (granting deference to credibility findings based on an applicant's demeanor, "in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in

4

the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question"); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 400-01 (2d Cir. 2006) ("Evasiveness is . . . one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility.").

Additionally, the agency reasonably concluded that Singh's documentary evidence did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). It was reasonable for the IJ to give diminished weight to Singh's 2016 medical certificate because it was not prepared contemporaneously with his 2013 hospitalization but rather to support his application. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence"). The IJ also did not err

5

in giving diminished weight to affidavits from individuals who were not subject to cross-examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Furthermore, as noted by the IJ, Singh did not produce any country conditions evidence that Congress Party members are targeting members of the Akali Dal Mann or forcing them to join the Congress Party.

Given the discrepancies among Singh's testimony, application, and medical document, Singh's demeanor, and lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Singh's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Due Process Claim

Singh argues that his due process rights were violated

6

by the attorney for the Department of Homeland Security ("DHS") interrupting his testimony during direct examination. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citations omitted), and he must establish prejudice, *Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008). Singh has shown neither. He testified at length at the hearing, and although the DHS attorney may have interrupted the flow of his testimony, the interruptions did not cause the non-responsive answers but instead highlighted them for the IJ and put Singh on notice of problems with his testimony.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court