18-1967 (L)
*Phanchoulidze v. Barr*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
              ROBERT D. SACK,
                   *Circuit Judges*,
              KATHERINE POLK FAILLA,
                   *District Judge.*[*]

---

GEORGE PHANCHOULIDZE,

        *Petitioner,*                  18-1967-ag (L); 19-1710-ag (con)

        v.

WILLIAM P. BARR, United States Attorney General,

        *Respondent.*

---

**FOR PETITIONER:**              Joseph C. Hohenstein, Landau, Hess, Simon & Choi, Philadelphia, PA.

---

[*] Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

                                                    Frank B. Lindner, Lindner & Lindner,
                                                    P.C., Yardley, PA.

**FOR RESPONDENT:**                                 Andrew N. O'Malley (Joseph H. Hunt
                                                    and Cindy S. Ferrier, *on the brief*), Trial
                                                    Attorney, *for* William P. Barr, United
                                                    States Attorney General, Washington,
                                                    D.C.

Appeal from a June 6, 2018 order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DENIED**.

Petitioner George Phanchoulidze ("Phanchoulidze"), a native and citizen of Georgia, seeks review of two decisions: (1) a June 6, 2018 decision of the BIA affirming an August 9, 2017 decision of an Immigration Judge ("IJ") denying his request for administrative closure, and (2) a May 24, 2019 decision of the BIA denying his motion to reopen and reconsider. *In re George Phanchoulidze,* No. A 076 020 396 (B.I.A. June 6, 2018), *aff'g* No. A 076 020 396 (Immig. Ct. N.Y. City Aug. 9, 2017); *In re George Phanchoulidze,* No. A 076 020 396 (B.I.A. May 24, 2019). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the circumstances of this case, we have reviewed the BIA's decision as the final agency decision because the BIA denied administrative closure on different grounds than the IJ. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Accordingly, we do not address Phanchoulidze's arguments challenging the grounds for the IJ's decision. *Id.* The decision before us is the BIA's conclusion that administrative closure was prohibited based on the Attorney General's intervening decision in *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018). Our review of the BIA's decision is limited to the arguments that Phanchoulidze has raised before us. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Thus, we do not address the validity of *Castro-Tum* or its retroactive application because Phanchoulidze declined to file a brief in connection with the BIA's denial of reconsideration and does not argue those issues, apart from referring to *Castro-Tum* as an "overreaching Attorney General decision that unlawfully limited agency discretion" without explaining why. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding claim abandoned where addressed in "only a single conclusory sentence" in the brief).

The sole issue Phanchoulidze raises is whether the BIA's denial of administrative closure pursuant to *Castro-Tum* violated his due process rights. We review a due process claim *de novo*. *Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012). "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007)

(internal quotation marks omitted). The alien must also establish prejudice. *Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008).

First, Phanchoulidze argues that the BIA violated his due process rights by applying a new rule of law to him without providing an opportunity to address it. This claim fails because he has not shown prejudice. *See Miller*, 539 F.3d at 164. The BIA was required to follow *Castro-Tum*. *See Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir. 2004) (noting that the Attorney General has "authority over the BIA, and has the final say . . . on all questions of law"); *Matter of Abdelghany*, 26 I. & N. Dec. 254, 265 (BIA 2014) ("precedents of the Attorney General are ordinarily binding upon [the BIA]"). Thus, regardless of the arguments that Phanchoulidze raised before the BIA challenging *Castro-Tum*, the BIA would have been required to follow *Castro-Tum* and thus the outcome of the proceedings would not have been different had he been given an opportunity to brief the issue. *See Miller*, 539 F.3d at 164. In addition, Phanchoulidze cannot show that he was denied "the opportunity to be heard"— that is, to present any challenge to the BIA's application of *Castro-Tum* to his case—because he was able to move for reconsideration before the BIA and did. *Burger*, 498 F.3d at 134 (internal quotation marks omitted). Because he had an opportunity to address *Castro-Tum* before the agency, and because he has not shown prejudice, Phanchoulidze has not shown a due process violation. *See Miller*, 539 F.3d at 164; *Burger*, 498 F.3d at 134.

Second, Phanchoulidze argues that the BIA violated his due process rights by failing to make an individual assessment of the record. However, it would be futile to require the BIA to review the IJ's application of the factors for administrative closure set forth in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), given that the decision has been overruled by *Castro-Tum*. Phanchoulidze has not shown that the general rule of *Castro-Tum* does not apply to his case. According to *Castro-Tum*, the agency "may only administratively close a case where a previous regulation or previous judicially approved settlement expressly authorizes such an action." 27 I. & N. Dec. at 271. Phanchoulidze has not identified any regulation or settlement that would authorize administrative closure in this case. *See id.* Thus, because the BIA was bound by *Castro-Tum*, Phanchoulidze has not shown that the BIA erred in not considering the record further or that he suffered prejudice. *See Miller*, 539 F.3d at 164; *Burger*, 498 F.3d at 134.

As this matter was consolidated upon Phanchoulidze's motion with his petition for review of the BIA's denial of Mr. Phanchoulidze's motion to reopen, reconsider, and terminate removal proceedings (19-1710-ag), we accordingly deny that petition for review as well.

3

**CONCLUSION**

We have reviewed all of the arguments raised by Phanchoulidze on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk