Chen v. Holder

BIA
Nelson, IJ
A094 798 807

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

YINGYUE CHEN,
> *Petitioner,*

     v.                  13-1104
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Steven M. Riker, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yingyue Chen, a native and citizen of the People's Republic of China, seeks review of a February 28, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") January 6, 2011, decision, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yingyue Chen*, No. A094 798 807 (B.I.A. Feb. 28, 2013), *aff'g* No. A094 798 807 (Immig. Ct. N.Y. City Jan. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Chen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on omissions in Chen's testimony and documentary evidence.  Chen testified that he was able to evade arrest by police who raided his unregistered church because he was "near the door."  In his asylum application statement, he did not mention his proximity to a door, only that he fled.  Yet, in an amended statement, he related that he was initially near the front door but was pushed back to the rear door.  The agency incorrectly characterized Chen's accounts as inconsistent, given that he did not specify

which door he was near during his testimony and did not mention his position at all in his original statement. Nevertheless, the two initial statements omitted detail and those omissions may be considered in assessing credibility. *See Xiu Xia Lin,* 534 F.3d at 166 n.3 (explaining that "[a]n inconsistency and omission are . . . functionally equivalent").

These omissions alone would not support the adverse credibility determination, but for the major omission related to the basis of Chen's fear of future harm. Chen's mother's letter failed to mention three police visits to her home to which Chen testified as occurring following the church raid. Although he explained that his mother gave less detail because she thought the visits were less important, the IJ reasonably rejected that explanation because the visits were central to establishing a future fear of persecution. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Nor was the IJ required to credit an amended letter from Chen's mother because she was an interested witness, not subject to cross-examination, and the letter was subject to more scrutiny because it was created in response to the IJ's decision pointing out

4

omissions in the first letter. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence lies largely within agency's discretion); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Although Chen submitted additional corroborating letters from his aunt and friends, the IJ reasonably found that they did not rehabilitate his testimony because the authors were interested parties not subject to cross-examination. *See Xiao Ji Chen*, 471 F.3d at 342; *see also Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that corroboration is needed to rehabilitate non-credible testimony). It is not apparent whether the IJ considered a summons for Chen's aunt, for harboring Chen, or an arrest warrant for his friend, based on her involvement in an "evil cult," but the record does not compel the conclusion that the IJ did not consider them: the summons and warrant did not pertain to Chen personally and did not evidence the treatment of Christians, only abettors and cult

participants.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (stating that IJs need not parse or refute every piece of evidence if the findings are reasoned and adequate).  Moreover, the summons and warrant do not contradict the IJ's finding that there was no pattern or practice of persecution of Christians in China, which was reasonably based on a State Department report indicating that the treatment of Christians varied by region.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149 (2d Cir. 2008) (upholding finding of no pattern or practice of persecution due to local variations of policy enforcement).

Because the omissions related to the single incident of past harm and Chen's fear of future persecution by the Chinese government, and there was no convincing evidence to rehabilitate that testimony, the totality of the circumstances supports the agency's adverse credibility determination.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.  Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. Due Process**

An alien in removal proceedings is entitled to the due process right of a full and fair opportunity to present his claims. *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007). To establish a due process violation, an alien must demonstrate both error and substantial prejudice. *Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008). Here, there is neither. Contrary to Chen's argument, the IJ did not prohibit him from testifying at the hearing on remand. His counsel chose not to proffer his testimony because, as counsel conceded, the testimony was not based on personal experience and the IJ, in response to counsel's request for guidance, indicated that such hearsay evidence was not necessary. Moreover, no prejudice resulted because the record reflects that the IJ considered all the new evidence of conditions in China, to which Chen intended to testify. Accordingly, Chen has not established constitutional error. *See Burger*, 498 F.3d at 134.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

7

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk