De Carvalho-Cruz v. Barr

BIA
Straus, IJ
A098 323 097/098

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT:
JON O. NEWMAN,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
 *Circuit Judges.**

_____

ANDRE DA SILVA, AKA ANDRE LUIZ
DA SILVA, MONIELE CAMILA DE
CARVALHO-CRUZ, AKA MONIELE
CAMILA DA SILVA,
 *Petitioners,*

 v.                                      18-2067
                                         NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
 *Respondent.*

_____

* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. See 2d Cir. IOP E(b).

_____

**FOR PETITIONERS:**       Melinda M. Basaran, BK Law Firm
                           LLC, Clifton, NJ.

**FOR RESPONDENT:**        Joseph H. Hunt, Assistant Attorney
                           General; Holly M. Smith, Senior
                           Litigation Counsel; David Kim,
                           Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Andre Da Silva ("Andre") and Moniele Camila De Carvalho-Cruz ("Moniele"), natives and citizens of Brazil, seek review of a June 15, 2018, decision of the BIA affirming a September 27, 2017, decision of an Immigration Judge ("IJ") denying their motion to reopen their immigration proceedings and rescind their in absentia removal orders. *In re De Carvalho-Cruz,* No. A 098 323 097/098 (B.I.A. June 15, 2018), *aff'g* No. A 098 323 097/098 (Immig. Ct. Hartford Sept. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

2

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Motions to reopen in absentia removal orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence of eligibility for relief from removal. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353–55 (BIA 1998). Accordingly, when, as here, an alien files a motion that seeks both rescission of an in absentia removal order and reopening of removal proceedings based on new claims for eligibility for relief, "we treat the motion as comprising distinct motions to rescind and to reopen." *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). We review the denial of a motion to rescind an in absentia removal order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae*, 471 F.3d at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

Motion to Rescind

As relevant here, there are two grounds to rescind an in absentia removal order: (1) lack of notice of the hearing, and (2) exceptional circumstances for failure to appear if rescission is requested within 180 days. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). Andre asserts a lack of notice, and Moniele argues that she is entitled to rescission on both grounds.

If, as here, notice is "served via regular mail" rather than certified mail, there is "a 'less stringent, rebuttable presumption' of receipt." *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 159 (2d Cir. 2008) (quoting *Alrefae*, 471 F.3d at 359). The agency "must consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense, to determine whether the slight presumption of receipt of regular mail has more probably than not been overcome." *Id.* at 160; *see also Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (B.I.A. 2008) (providing a non-exhaustive list of factors that may be relevant to this inquiry). For aliens who receive notice of their obligation to inform the immigration court of any change in address and

4

of the consequences of failing to do so, the "requirement that an alien 'receive' notice [is] constructively satisfied if notice is properly provided and the alien changes address without informing" the agency. *Maghradze*, 462 F.3d at 154; *see* 8 U.S.C. § 1229(a)(1)(F), (a)(2).

Moniele and Andre do not dispute that the agency mailed their hearing notices to the address that they had provided. Accordingly, the agency reasonably concluded that a presumption of receipt applied. *See Silva-Carvalho Lopes*, 517 F.3d at 159. The agency also reasonably concluded that Moniele and Andre had not rebutted that presumption. As a preliminary matter, Moniele and Andre were both informed of their obligation to notify the agency of any address changes. Neither affirmed that they still lived at the address they provided to the agency during the relevant period, and there is no other evidence showing that they had remained at that address (rather than changing their address without informing the agency). Even assuming that they remained at that address at the time of mailing, however, the BIA reasonably concluded that they did not rebut the presumption of receipt. Significantly, Moniele asserted in her affidavit only that

5

she did not know if she had received a notice, not that she had not received one. Neither Moniele nor Andre had applied for relief prior to the removal order, and despite having notice that they were in removal proceedings, neither took any steps to apply for relief from removal or inquire of the agency regarding the status of those proceedings for more than a decade. *See Matter of M-R-A-*, 24 I. & N. Dec. at 674 (prior applications for relief and evidence of diligence may be probative of nonreceipt). Moreover, as discussed below in connection with the motion to reopen, Moniele has not demonstrated prima facie eligibility for relief from removal. *See id.* (prima facie eligibility for relief may also be probative of nonreceipt).

Moniele and Andre argue that the agency's proceedings violated due process because the IJ did not explicitly discuss some of the relevant factors. But the IJ gave "reasoned consideration to the [motion], and made adequate findings," and did not need to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted)*; see also Xiao*

6

*Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."). Because these factors did not rebut the presumption of receipt, Moniele and Andre cannot show they were prejudiced by the IJ's failure to address these issues more thoroughly, and therefore cannot show a due process violation. *See Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008) (alien must establish prejudice to prevail on a due process claim). They also argue that the BIA erred by failing to consider evidence of Moniele's psychological condition in the context of her claim that she did not receive notice, but they do not explain how this condition would prevent her from learning of her hearing date or why her statements to a psychologist regarding whether she received notice should be granted more weight than her affidavit on that subject.

Further, Moniele's motion for rescission based on exceptional circumstances was indisputably filed outside the 180-day period for such motions. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Even if the motion were timely, Moniele

did not show that she was entitled to reopening on this basis because she did not establish that the alleged exceptional circumstances—the abuse she suffered in Brazil and the psychological consequences of that abuse—prevented her from appearing at her hearing. *See id.* (providing for rescission if the alien demonstrates failure to appear was "because of" exceptional circumstances); *see also* 8 C.F.R. § 1003.23(b)(4)(iii) (providing that exceptional circumstances include "serious illness of the alien or serious illness or death of an immediate relative of the alien, but not . . . less compelling circumstances").

Accordingly, because they did not rebut the presumption that they received their hearing notices or establish that extraordinary circumstances prevented them from appearing as required, the agency did not abuse its discretion in denying Moniele's and Andre's motions to rescind their in absentia removal orders. *See* 8 U.S.C. § 1229a(b)(5)(C).

Motion to Reopen

Generally, an alien seeking to reopen may file one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R.

8

§§ 1003.2(c)(2), 1003.23(b)(1). Moniele's motion to reopen was indisputably untimely filed more than 12 years after her final removal order. However, the time limitation may be excused in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i). In order to obtain reopening, an alien must also establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

Moniele argues that her country conditions evidence established a significant increase in the rate of violence against women, which was material to her risk of experiencing serious harm in Brazil, and therefore to her claim for humanitarian asylum, even if it was not otherwise material to her claim based on abuse by her father; she also emphasizes that the future harm for the purposes of humanitarian asylum need not be on account of a protected ground. Humanitarian asylum is available where there has been past persecution on account of a protected ground and the applicant no longer has a well-founded fear of future persecution on that basis, but

9

faces "other serious harm" upon removal. 8 C.F.R. § 1208.13(b)(1)(iii). Accordingly, Moniele is correct that a change in country conditions affecting her risk of future harm unrelated to a protected ground could be material to her claim—but only if she has suffered past persecution on account of a protected ground. *See id.* Moniele has not established that her claimed past harm, which was abuse by her father, occurred on account of any protected ground.[1] Because she did not demonstrate a nexus between her past harm and a protected ground, she did not establish prima facie

---

[1] As she contends in her reply brief, Moniele argued before the IJ that her father abused her because of her membership in a particular social group consisting of members of her family. She failed to exhaust this issue before the BIA and waived it by failing to address it in her opening brief to this Court. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir. 2007) (describing issue exhaustion as "mandatory"); *Evangelista v. Ashcroft*, 359 F.3d 145, 155 n.4 (2d Cir. 2004) (declining to consider issue raised for first time in reply brief). Regardless, she did not show that her family is viewed as a socially distinct group in Brazil. *See Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (to constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question" (internal quotation marks omitted)). Being a victim of a crime is not in itself a basis for asylum. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (harm suffered as a result of "general crime conditions" does not constitute persecution on account of a protected ground).

eligibility for asylum (including humanitarian asylum), and the changed conditions were not material to her claim.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Abudu*, 485 U.S. at 104.

Sua Sponte Reopening

Moniele and Andre have waived any challenge to the denial of sua sponte reopening by not sufficiently raising it in their brief to this Court.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").  In any event, we lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen sua sponte, except where the agency misperceived the law and denied reopening based on a mistaken belief that reopening would be futile.  *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).  That exception does not apply here because the BIA denied reopening on the grounds that the hardships that Moniele experienced were not "exceptional" and did not warrant a favorable exercise of discretion.

11

<u>Omission of Hearing Information from Notice to Appear</u>

Finally, Moniele's and Andre's challenge to the immigration court's jurisdiction to order their removal is foreclosed by our decision in *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019). Moniele and Andre argue that, pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), their notices to appear ("NTAs") were insufficient to confer jurisdiction because they did not include a hearing date or time. In *Banegas Gomez*, however, we held that *Pereira* does not "void jurisdiction in cases in which an NTA omits a hearing time or place" and "an NTA that omits [this] information . . . is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." 922 F.3d at 110, 112. Moniele's and Andre's NTAs did not specify the time or date of their hearings, but the record reflects that the agency sent them both hearing notices that included the omitted information and, as discussed above, Moniele and Andre did not rebut the presumption that they received those notices. Accordingly, the immigration court had jurisdiction to order their removal. *Banegas Gomez*, 922 F.3d at 112.

12

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court